UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DION K. JOHNSON,

    Plaintiff,

-vs-                                    Case No. 8:08-CV-221-T-30TBM

LARGO POLICE DEPT., et al.,

    Defendants.
_____/

## **O R D E R**

THIS matter is before the Court for consideration of Plaintiff's "Petition for Writ of Prohibition and/or Writ of Mandamus" (hereinafter "petition") (Dkt. 14) in which it appears Petitioner requests the Court reopen this closed case. In support of his petition, it appears Petitioner argues that after he was released from the Pinellas County Jail, the jail failed to forward to him "necessary documents" (Id. at pg. 1). The Court construes Petitioner's petition as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

The purpose of Rule 60(b) is to define the bases available to a party for relief from a judgment or order. Grounds for relief include, *inter alia,* mistake, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b). Petitioner has not demonstrated that the judgment was entered as a result of a mistake, inadvertence, or surprise. While Rule 60(b)(6)affords the district courts discretion to grant relief in order to do justice, the Court is guided in the exercise of its discretion by settled circuit precedent. The Eleventh Circuit

has held that "[R]ule 60(b)(6) should be construed in order to do substantial justice . . . , but this does not mean that final judgments should be lightly reopened." *See e.g. Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted) (stating "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments.").

Plaintiff does not identify the "necessary documents" the jail allegedly failed to forward to him upon his release. Plaintiff clearly received this Court's February 20, 2008 order dismissing his complaint because he filed a timely notice of appeal of the order (See Dkt. 8).[1] Consequently, Plaintiff has failed to demonstrate that exceptional circumstances warrant granting him relief from the Court's February 20, 2008 order. *See Crapp v. City of Miami Beach Police Dep't*, 242 F.3d 1017, 1020 (11th Cir. 2001) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d at 680 (citations omitted) ("[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.")). *See also Toole v. Baxter Healthcare Corp.,* 235 F.3d 1307, 1316 (11th Cir. 2000), (quoting *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000) (stating that "a Rule 60(b)(6) motion, by which a court has discretion to grant a new trial for 'any other reason justifying relief from the operation of the judgment,' is intended 'only for extraordinary circumstances.'")). Simply put, Plaintiff has not demonstrated any basis for the Court to reopen this case.

---

[1] Plaintiff's appeal was dismissed on July 10, 2008 (Dkt. 12).

Accordingly, the Court **ORDERS** that Plaintiff's "Petition for Writ of Prohibition and/or Writ of Mandamus" (Dkt. 14) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 21, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Plaintiff